

# Office of the Attorney General
## State of Texas

**DAN MORALES**
ATTORNEY GENERAL

December 29, 1995

David R. Smith, M.D.
Commissioner
Texas Department of Health
1100 West 49th Street
Austin, Texas 78756-7111

Opinion No. DM-371

Re: Whether Attorney General Opinion DM-283 (1994) correctly determined that a county clerk may collect a security fee, as authorized by section 291.008 of the Local Government Code, at the time of filing a birth, death, or fetal death record and related questions (RQ-738)

Dear Dr. Smith:

On behalf of the Texas Department of Health (the "department"), you have requested that we reconsider Attorney General Opinion DM-283 (1994) insofar as it concludes that a county clerk may collect a security fee at the time of filing a birth, death, or fetal death record. Section 291.008 of the Local Government Code, which authorizes counties to collect a fee to finance the purchase of security services in a facility housing a district or county court, *see* Code Crim. Proc. art. 102.018, provides in pertinent part as follows:

> (a) The commissioners court may set a fee not to exceed $5 to be collected at the time of filing in each civil case filed in a county court, county court at law, or district court . . . .
>
> . . . . .
>
> (c) The clerks of the respective courts shall collect the costs established by Subsection[] (a) . . . .
>
> (d) If a commissioners court sets a security fee under Subsection (a) . . . , the county and district clerks shall collect a fee of $1 for filing any document not subject to the security fee. . . . The county or district clerk, as appropriate, shall collect this fee.

Attorney General Opinion DM-283 considers, among other things, the proper interpretation of the phrase "any document" in section 291.008(d) of the Local Government Code. In an effort to ascertain the meaning the legislature intended to attach to the phrase, we briefly summarized the legislative history of section 291.008, which the legislature enacted in 1993, *see* Act of May 22, 1993, 73d Leg., R.S., ch. 818, § 2, 1993 Tex. Sess. Law Serv. 3261, 3262. Attorney General Opinion DM-283 (1994) at 3-5.

As introduced, neither Senate Bill 243 nor its companion bill in the house, House Bill 882, proposed to exact a security fee on any documents except those to initiate a civil case filed in a county or district court, unless the lawsuit was for delinquent taxes. *Id.* at 4. The bills "did not propose to collect a $1 fee 'for filing any document not subject to the security fee.'" *Id.* (quoting Local Gov't Code § 291.008(d)). The opinion quotes a rather colorful exchange that occurred on the floor of the senate during the second reading of Senate Bill 243, in which Senator Harris discussed the unfairness of exempting from the fee marriage certificates, among other types of documents filed with the county clerk but which the bill as introduced exempted from the fee. *Id.* at 4-5 (quoting Debate on S.B. 243 on the Floor of the Senate, 73d Leg. 2 (Mar. 17, 1993) (statement of Senator Harris) (transcript available from Senate Staff Services)). In response, Senator Sibley opined that anyone who uses the courthouse should be subject to the security fees. *Id.* at 5 (quoting Debate on S.B. 243 on the Floor of the Senate, 73d Leg. 2 (Mar. 17, 1993) (statement of Senator Sibley) (transcript available from Senate Staff Services)).

As Attorney General Opinion DM-283 notes, however, balanced against the belief that the costs of courthouse security systems should be spread to everyone who uses the courthouse was a desire to limit court costs on civil cases. *Id.* To balance these two interests, Senator Leedom, during the third reading of Senate Bill 243 on the floor of the senate, introduced a floor substitute that added, among other provisions, a one-dollar fee on "all those that come in the courthouse [to] file papers." *Id.* (citing Debate on S.B. 243 on the Floor of the Senate, 73d Leg. 1 (Apr. 15, 1993) (statement of Senator Leedom) (transcript available from Senate Staff Services)).

In light of the legislative history of Senate Bill 243, we concluded that, pursuant to section 291.008(d) of the Local Government Code, "[a]ll documents that are not filed in connection with an existing civil case are subject to the one dollar security fee (unless another statute specifically exempts a particular document from a fee such as a security fee)." *Id.* at 8. Accordingly, we stated that a county or district clerk must charge the one-dollar security fee on documents such as leases, wills, marriage licenses, and deeds. *Id.* at 8-9. We further determined that birth and death certificates are subject to the security fee because no statute specifically exempts them from a fee such as the security fee. *Id.* at 9.

In a brief your office filed in support of your request for reconsideration of Attorney General Opinion DM-283, your office asked that we look further at title 3 of the Health and Safety Code, which provides for the collection of vital statistics records: birth, death, and fetal death[1] records, marriage and divorce records.[2] Chapter 191 of the Health and Safety Code provides for the administration of vital statistics records. Chapters 192

---

[1]The department defines "fetal death" synonymously with "stillbirth," that is, "[d]eath prior to the complete expulsion or extraction from its mother of a product of conception." 25 T.A.C. § 181.1.

[2]The department defines "vital statistics" as "[t]he registration, preparation, transcription, collection, compilation, and preservation of data pertaining to births, adoptions, legitimations, deaths, fetal deaths, marital status, and data incidental thereto." *Id.*

through 194 pertain to birth, death, and marriage and divorce records, respectively. Chapter 195, the final chapter in title 3, provides for the enforcement of vital statistics reporting.

Section 191.002 requires the department to administer the registration of vital statistics and, to that end, mandates that the department, among other things, "establish a bureau of vital statistics with suitable offices that are properly equipped for the preservation of its official records" and "establish a statewide system of vital statistics." The Texas Board of Health is obligated to, among other things, adopt necessary rules for the collection of vital statistics. Health & Safety Code § 191.003(a)(1).

Subchapter B of chapter 191 divides the state into registration districts for the purposes of registering records of births, deaths, and fetal deaths. *Id.* § 191.021(a). The boundaries of the registration districts are coterminous with each justice of the peace precinct and each municipality with a population of more than 2,499. *Id.* The justice of the peace is the local registrar of births and deaths in a justice of the peace precinct, *id.* § 191.022(a). However, if a justice of the peace and the county clerk agree in writing, and the commissioners court ratifies the agreement, the justice of the peace may transfer the duty of registering births and deaths to the county clerk. *Id.* In such an event, it appears that the county clerk becomes the local registrar of births and deaths.

Additionally, in a municipality with a population over 2,499, the municipal clerk or secretary is the local registrar of births and deaths. *Id.* § 191.022(b). However, such a municipality may transfer its duties relating to the maintenance of birth and death records to the county in which the municipality is located if the transfer complies with section 191.023 of the Health and Safety Code. *Id.* § 191.023(a). Section 191.023(c) suggests that the county has some discretion in determining which official will assume the transferred duties, so long as the designated official attests in writing that he or she has sufficient resources and finances to assume those duties. Thus, a county may select the clerk of its county court, in which case the clerk apparently would become the local registrar of births and deaths for the municipality.[3]

The local registrar must secure a complete record of each birth, death, and fetal death that occurs in the local registrar's jurisdiction[4] and has certain specified duties with

---

[3]You state that, in fact, only 134 of 688 local registrars are county clerks who have received local registrar duties either by transfer from the justice of the peace or by consolidation in the county of county and municipal maintenance of vital records.

[4]Section 192.001 of the Health and Safety Code mandates the registration of the birth of each child born in the state. The physician or midwife in attendance at a birth is required to file the birth certificate with the local registrar of the registration district in which the birth occurs. Health & Safety Code § 192.003(a). If no physician or midwife attended the birth, the child's father or mother or the owner or manager of the premises where the birth occurs must report the birth to the local registrar. *Id.* § 192.003(b). The person in charge of interment or in charge of removing a body from a registration district for disposition must file the death or fetal death certificate with the local registrar of the

regard to registering, reviewing, and reporting such records. *Id.* §§ 191.026 - .027, .029 - .030. Among the local registrar's duties is the duty to, on a monthly basis, file with the commissioners court or county auditor a copy of each birth, death, and fetal death certificate that has been filed with the local registrar during the preceding month; the county commissioners court or county auditor is, in turn, to "deposit" the copies in the county clerk's office. *Id.* § 191.030(a), (c). A local registrar that fails, neglects, or refuses to perform a duty under title 3 commits a class C misdemeanor. *Id.* § 195.004(c) - (d).

You state that the duties of a local registrar are separate and apart from the duties of a county clerk. We agree. *Cf.* Attorney General Opinion O-2308 (1940) at 4 (stating that duties and obligations of city clerk ordinarily are separate and distinct from those of local registrar, although not necessarily incompatible). Accordingly, when a county clerk, through transfer from a justice of the peace or by consolidation with a municipality, takes on the additional duties of the local registrar, we believe that the county clerk performs those duties as local registrar, not as county clerk.

Section 291.008(d) authorizes only county and district clerks to collect the security fee. Local registrars are not authorized to collect a security fee. We conclude that the statute requiring or authorizing a county clerk to collect a security fee upon the filing of certain documents does not apply to documents filed with the county clerk in his or her capacity as local registrar. We modify our conclusion in Attorney General Opinion DM-283 that section 291.008(d) of the Local Government Code "applies to all documents filed pursuant to all filing statutes, except statutes" that expressly prohibit the charging of such a fee. Attorney General Opinion DM-283 (1994) at 8. We here conclude instead that the county clerk may collect the one-dollar security fee pursuant to section 291.008(d) of the Local Government Code on all documents filed with the county clerk as county clerk, unless a specific statute prohibits the imposition of such a fee. Thus, a document filed with the county clerk as local registrar, that is, a birth, death, or fetal death record, is not subject to the one-dollar security fee section 291.008(d) authorizes.[5]

In addition, we note that the state registrar of vital statistics must "prepare and issue detailed instructions necessary for the uniform observance of this title and the

---

(footnote continued)
*registration district in which the death occurred or the body was found, if the place of death is unknown.* *Id.* §§ 193.002, .003(a).

[5]Section 191.0045(a)(3) of the Health and Safety Code specifically authorizes the bureau of vital statistics to charge a fee for filing a record under title 3. *See also id.* § 191.0045(b). Any fees that the bureau of vital statistics collects are to be deposited into the state treasury to the credit of the vital statistics fund. *Id.* § 191.005(a), (c). You have argued in your brief that "[t]he Board of Health alone is authorized to prescribe a schedule of fees for vital statistics," citing section 191.0045(a)(3) and (b) to support your claim. We read section 191.0045 only to authorize the bureau of vital statistics to charge fees for providing services; we do not read the section to preclude any other entity (including the legislature) from imposing a fee upon the services the bureau of vital statistics performs.

maintenance of a perfect system of registration." Health & Safety Code § 191.004(b); *see also id.* § 191.004(a) (providing that director of bureau of vital statistics also serves as state registrar). Allowing a county clerk serving as a local registrar to collect a security fee upon the filing of birth, death, and fetal death records will result in nonuniform observance of title 3 in that some local registrars will collect the security fee, while others will not. First, under section 291.008 of the Local Government Code, a county may, but need not, decide to require the collection of the security fee. Thus, some county clerks collect the security fee, while others do not. Second, section 291.008 of the Local Government Code authorizes county clerks to collect the security fee, but the section does not apply to justices of the peace or municipal clerks.

You also ask whether a county clerk may collect a fee for records management and preservation on the filing of birth, death, and fetal death records. Section 118.011(b)(2) of the Local Government Code authorizes a county clerk to set and collect "from any person" a records management and preservation fee of no more than five dollars. The records management and preservation fee, which is to be paid at the time documents are filed, is used to subsidize specific records preservation and automation projects. We believe, consistent with our conclusion here, section 118.011(b)(2) applies only to documents filed with the county clerk in his or her capacity as county clerk; it does not apply to birth, death, and fetal death records filed with the county clerk in his or her capacity as local registrar.

To the extent that Attorney General Opinion DM-283 is inconsistent with this opinion, it is modified.

## S U M M A R Y

A statute requiring or authorizing a county clerk to collect a particular fee upon the filing of certain documents does not apply to birth, death, and fetal death records filed with the county clerk in his or her capacity as local registrar. Accordingly, a county clerk may collect the one-dollar security fee that section 291.008(d) of the Local Government Code authorizes only on documents filed with the county clerk as county clerk, unless a specific statute prohibits the imposition of such a fee. The county clerk may not collect the one-dollar security fee on birth, death, or fetal death records filed with the county clerk in his or her capacity as local registrar.

Likewise, a county clerk may collect the records management and preservation fee section 118.011(b)(2) of the Local Government Code authorizes only on documents filed with the county clerk in his or her capacity as county clerk; the county clerk may not collect the records management and preservation fee on birth, death, and fetal

death records filed with the county clerk in his or her capacity as local registrar. To the extent that Attorney General Opinion DM-283 (1994) is inconsistent with this opinion, it is modified.

Yours very truly,

DAN MORALES
Attorney General of Texas

JORGE VEGA
First Assistant Attorney General

SARAH J. SHIRLEY
Chair, Opinion Committee

Prepared by Kymberly K. Oltrogge
Assistant Attorney General